Terry L. **WHITMAN**, Plaintiff—
Appellant,

v.

Norman Y. **MINETA**, U.S. Secretary of Transportation; U.S. Department of Transportation, Defendants—Appellees.

No. 03–35838.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2004.

Decided July 27, 2004.

Terry L. Whitman, Anchorage, AK, pro se.

Marleigh Dover, Esq., Lewis Yelin, U.S. Department of Justice, Washington, DC, Susan J. Lindquist, Esq., Office of the U.S. Attorney, Anchorage, AK, for Defendants–Appellees.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM *

Terry L. Whitman appeals from the district court's order (1) entering summary

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

judgment for defendants on the grounds that Whitman failed to introduce evidence sufficient to establish a triable issue of fact as to whether his employer, the Federal Aviation Administration ("FAA"), and its Equal Employment Opportunity ("EEO") counselors subjected him to any adverse employment action in retaliation for his filing an administrative age discrimination complaint; and (2) denying Whitman's cross-motion for a stay of the proceedings to consolidate his retaliation case with the underlying discrimination action, and for leave to add a claim for compensatory damages. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

Whitman correctly argues that he may establish the adverse-employment-action element of his prima facie case by showing that the alleged action was "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson,* 217 F.3d 1234, 1243 (9th Cir.2000). But to survive summary judgment, Whitman " 'must set forth specific facts showing that there is a genuine issue for trial' " concerning this element of his case. *Henderson v. City of Simi Valley,* 305 F.3d 1052, 1056 (9th Cir.2002) (quoting Fed.R.Civ.P. 56(e)); *see also Ray,* 217 F.3d at 1239. Whitman therefore was required to introduce " 'significant probative evidence tending to support' " his allegations of adverse employment actions. *Rivera v. Nat'l R.R. Passenger Corp.,* 331 F.3d 1074, 1078 (9th Cir.2003) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). This Whitman failed to do.

Whitman asserts essentially three adverse employment actions in response to his filing an administrative age discrimination complaint: (1) his supervisor withdrew a department-wide flight data training program; (2) an EEO counselor at the FAA falsified a report concerning his administrative complaint; and (3) EEO counselors at the FAA purposely advised him to file a separate complaint concerning his retaliation claims so that it would be dismissed as an improper "spin-off" complaint under 29 C.F.R. § 1614.107. Although Whitman took discovery, including declarations from the EEO counselors who processed his claims, he failed to submit these declarations or any other evidence in opposition to defendants' motion for summary judgment. Indeed, the only evidence in the record that could possibly support Whitman's claims are the contents of his verified briefs filed in the district court, which, if based upon personal knowledge of admissible evidence, may function as affidavits for purposes of summary judgment. *See Johnson v. Meltzer,* 134 F.3d 1393, 1399–1400 (9th Cir.1998).[1] These briefs, however, do not contain "specific facts" or "sufficient probative evidence" setting forth when, where, or how the alleged adverse employment actions occurred. For example, Whitman failed to introduce any evidence that (1) his department was actually deprived of any flight data training; (2) the EEO report contained any material false statement; and (3) EEO counselors believed Whitman's retaliation complaint would be dismissed as a "spin-off" if separately filed. At best, Whitman's briefs contain only "conclusory allegations unsupported by factual data[, which] cannot defeat summary judgment."

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Whitman's complaint was not verified and thus may not be considered an opposing affidavit for purposes of summary judgment. *Cf.*

*Schroeder v. McDonald,* 55 F.3d 454, 460 (9th Cir.1995) (allegations in a verified complaint based upon "personal knowledge of admissible evidence" may be used as opposing affidavit under Fed.R.Civ.P. 56).

*Rivera,* 331 F.3d at 1078. Accordingly, the district court did not err in granting defendants' motion for summary judgment.

Because we find that summary judgment in favor of defendants was proper, we need not reach Whitman's claim that the district court abused its discretion by denying his cross-motion for a stay and for leave to add a claim for compensatory damages.

**AFFIRMED.**

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts